# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESLEY LEE EGGLESTON, II** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-270** |
| | : | |
| **TROOPER JOSHUA MEASE,** | : | |
| **TROOPER JAMES MCKEE,** | : | |
| **TROOPER JOHN PROVENCE,** | : | |
| **OFFICER JUSTIN FONOCK** | : | |

## ORDER

**AND NOW**, this 8th day of June 2026, upon studying Officer Fonock's Motion to dismiss (ECF 32) the amended Complaint (ECF 24), Plaintiff's Opposition (ECF 33-1), and finding Plaintiff sufficiently pleads facts allowing us to plausibly infer a cognizable basis for his claims other than his withdrawn official capacity claims,[1] it is **ORDERED** we:

1. **GRANT in part** Officer Fonock's Motion dismissing Plaintiff's official capacity claims as withdrawn;[2]

2. **DENY** the remaining arguments in Officer Fonock's Motion (ECF 32) finding Plaintiff sufficiently pleads facts allowing us to plausibly infer a basis for his:

   a. excessive force and unlawful seizure claims;[3]

   b. civil rights and civil conspiracy claims;[4] and,

   c. punitive damages prayer;[5]

3. **GRANT** Officer Fonock leave to file an Answer no later than **June 22, 2026**; and,

4.  **DIRECT** the Clerk of Count **AMEND** the caption as above to reflect the state actors named in the amended Complaint (ECF 24).

_signature_
**KEARNEY, J.**

---

[1] Wesley Lee Eggleston II allegedly legally parked his vehicle waiting to transport a home health care worker client. ECF 24 at ¶¶ 23–24. Police officers approached Mr. Eggleston's vehicle, asked for his name, ordered him to exit his vehicle, opened his car door without consent, and removed him from his vehicle. *Id.* at ¶¶ 26–28, 30, 37. The officers choked, tased, punched, and handcuffed Mr. Eggleston. *Id.* at ¶¶ 39–40, 42. Mr. Eggleston now sues Pennsylvania State Police Troopers Mease, McKee, and Provence, and Parkesburg Borough Police Officer Fonock, alleging excessive force, unlawful seizure, failure to intervene, federal and state civil conspiracy, state law claims for assault and battery, and punitive damages.

Officer Fonock moves to dismiss the claims against him in his official capacity, the excessive force and unlawful seizure claims, the civil conspiracy claims, and the punitive damages claim. ECF 32. Mr. Eggleston opposes Officer Fonock's motion. ECF 33; ECF 33-1.

We now examine whether Mr. Eggleston pleaded "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). Our Court of Appeals instructs "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)).

[2] Mr. Eggleston concedes he erred in adding the "official capacity" language in the case caption and requests we strike the language. ECF 33 at ¶ 3; ECF 33-1 at 14–15.

[3] Officer Fonock argues Mr. Eggleston's Fourth Amendment excessive force and unlawful seizure claims resemble "shotgun pleadings" not allowed under Federal Rule of Civil Procedure Rule 8(a)(2) because Mr. Eggleston did not specify which officers personally engaged in the alleged acts. ECF 32-1 at 6–8. Officer Fonock further argues Mr. Eggleston's collective references to the named defendants as "the officers" fail to put Officer Fonock on notice of the specific claims alleged against him. *Id.* at 8. Mr. Eggleston argues he provides fair notice to each named defendant and the lack of more "exact statements as to each action" is attributable to the Parkesburg Police Department and Pennsylvania State Police's pre-discovery refusal to provide more information about the incident. ECF 24 at ¶ 49; ECF 33-1 at 7–8. We agree with Mr. Eggleston.

2

A "shotgun pleading" violates Rule 8's requirement for complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (first quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015); and then quoting Fed. R. Civ. P. 8(a)(2)).

Shotgun pleadings "[f]ail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* (quoting *Weiland*, 792 F.3d at 1323). Our Court of Appeals has criticized the "all too common shotgun pleading approach." *Id*. (quoting *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988)). But the Court of Appeals for the Eleventh Circuit "has articulated the bulk of existing law in this area." *Id.* at 859 & n.3 (explaining "[a]s a result, district courts within the Third Circuit often cite to the Eleventh Circuit for this law"). Examples of shotgun pleadings include complaints with "multiple counts where each count adopts the allegations of all preceding counts" and complaints which "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *See id.* (quoting *Weiland*, 792 F.3d at 1321–23).

A complaint with some elements of a shotgun pleading will still satisfy Rule 8(a)(2) so long as there are sufficient factual allegations to put defendants on notice of the claims against them. *See Fike v. Glob. Pharma Healthcare Priv., Ltd.*, 741 F. Supp. 3d 265, 274 (E.D. Pa. 2024) (concluding complaint was not a shotgun pleading—even though it had "some of the hallmarks of a shotgun pleading"—because (1) the complaint "clearly separates the claims into nine different counts . . . against all four Defendants," (2) none of the counts rely "solely on the allegations in the previous paragraphs," and (3) the "factual allegations specific to each claim under the related count and in the [complaint] as a whole . . . put [Defendants generally] on notice of their alleged wrongdoing").

Mr. Eggleston's amended Complaint is not a shotgun pleading. Mr. Eggleston alleges excessive force and unlawful seizure claims by naming four specific officers and offering ample factual support arising from a single incident on a specific date. ECF 24. Any lack of greater specificity is attributable to the early stage of the case; we expect Mr. Eggleston will amend consistent with our trial scheduling order upon further discovery to overcome these concerns before trial.

[4] Officer Fonock argues we should dismiss Mr. Eggleston's civil conspiracy claims because Mr. Eggleston's factual allegations do not specify which officers "engaged in physical contact" or "participated" in his alleged seizure. ECF 32-1 at 12. Mr. Eggleston argues his conspiracy claims go "well beyond" conspiracy pleading requirements. ECF 33-1 at 12. Mr. Eggleston argues he sufficiently pleads facts allowing us to plausibly infer all four officers acted "in concert" and "not one of them cautioned, restrained or prevented the other" from engaging in the alleged acts. ECF 24 at ¶¶ 90(a)-(b); ECF 33-1 at 12. We agree with Mr. Eggleston.

To state a civil conspiracy claim under section 1983, a plaintiff must plead persons acting under color of state law "reached an understanding" to deprive the plaintiff of constitutional rights. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293–94 (3d Cir. 2018) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150–52 (1970)). Conspiracy may be "infer[red]" from circumstantial evidence. *Id*. at 295 (quoting *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008)). Circumstantial evidence includes whether the alleged conspirators "did or said something . . . to create an understanding," "the approximate time when the agreement was made, the specific

3

parties to the agreement, the period of the conspiracy, or the object of the conspiracy." *Id*. (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178–179 (3d Cir. 2010)).

To state a civil conspiracy claim under Pennsylvania law, a plaintiff must plead "two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76, 88 (Pa. 2023) (quoting *Skipworth ex rel. Williams v. Lead Indus. Ass'n, Inc.*, 690 A.2d 169, 174 (Pa. 1997)).

Mr. Eggleston pleads facts allowing us to plausibly infer a basis for his civil conspiracy claims under section 1983 and Pennsylvania law. Mr. Eggleston pleads the officers, without explanation, ordered him out of his vehicle, opened his car door, and forcibly removed him. ECF 24 at ¶¶ 26–28, 30, 37. He pleads the presence of the four officers at the scene and "not one of them cautioned, restrained or prevented the other" from choking, tasing, punching, and handcuffing him. *Id.* at ¶¶ 37–40, 42, 90(a). This circumstantial evidence allows Mr. Eggleston to plausibly allege civil conspiracy depriving him of his rights.

[5] Officer Fonock also seeks dismissal of Mr. Eggleston's claim for punitive damages for his civil rights claims. Officer Fonock argues Mr. Eggleston did not allege he personally engaged in conduct warranting punitive damages. ECF 32-1 at 14–15. Mr. Eggleston argues his pleadings meet this standard. ECF 33-1 at 13. We agree with Mr. Eggleston.

To state a claim for punitive damages in a civil rights action, a plaintiff must plead the defendant's conduct is "motivated by evil motive or intent" or "involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). Mr. Eggleston alleges the officers, including Officer Fonock, forcibly removed him from his vehicle without lawful basis before choking, tasing, punching, and handcuffing him. ECF 24 at ¶¶ 26–28, 30, 37–40, 42. Mr. Eggleston sufficiently pleads facts allowing us to plausibly infer a basis for punitive damages at this early stage.

4